

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00364-CR

---

SEAN MICHAEL GRAVELLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 316th District Court
Hutchinson County, Texas
Trial Court No. 12913, Honorable James M. Mosley, Presiding

---

October 13, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Sean Michael Gravelle appeals his conviction for the third-degree offense of possessing between one and four grams of methamphetamine and the ensuing 50-year sentence levied. On appeal, he argues the trial court erred in denying his motion to suppress and claims the sentence was unconstitutionally disproportionate to the gravity of the offense. We affirm.

***Background***

Appellant was stopped just after 10:30 p.m., upon then Deputy Edwards's observation of his driving his vehicle without lights. That lead to Edwards's and a local police officer's giving chase due to the traffic violation. As they did, appellant activated his lights "shortly after" Edwards "activated [his] lights."

When the officers made contact, appellant seemed "agitated," and they smelled the odor of marijuana. An ensuing search of the vehicle yielded methamphetamine, the possession of which resulted in appellant's arrest. Prior to trial, appellant moved to suppress the contraband, arguing that officers lacked reasonable suspicion to stop him. The trial court denied the motion then and again prior to trial.

***Issue One—Motion to Suppress***

Appellant initially argues the trial court erred in denying his motion to suppress. Allegedly, Deputy Edwards's reason for stopping him was "pretext and not supported by the facts, testimony, or evidence." We overrule the issue.

The applicable standard for review is one of abused discretion. *Marcopoulos v. State*, 538 S.W.3d 596, 600 (Tex. Crim. App. 2017). It obligates us to view the evidence in the light most favorable to the trial court's ruling, afford almost complete deference to a trial court's express or implied findings of historical fact, and consider de novo the application of the law to those facts. *Id.*; *Callaway v. State*, 546 S.W.3d 899, 908-09 (Tex. App.—Amarillo 2018, pet. ref'd).

Next, the relevant standard and applicable law concerning the existence of reasonable suspicion is explained in *Terry v. Ohio*, 392 U.S. 1, 21-22, 88 S. Ct. 1868, 20

2

L. Ed. 2d 889 (1968) and *Abney v. State*, 394 S.W.3d 542, 548 (Tex. Crim. App. 2013). We apply them here.

Appellant first cites alleged contradictions in Edwards's testimony and a video as proof he violated no traffic law, i.e., drove at night without lights activated. The video in question did not capture the scene as Edwards first saw appellant. That being so, it did not establish that appellant's lights were on when Edwards first saw the vehicle.

As for contradictions in Edwards's testimony, the trial court, as trier of fact, was free to believe his testimony that the vehicle's lights were off upon first spying appellant and the latter activated them after the deputy engaged his emergency lights. And, footage from a body camera capturing appellant saying: 1) his lights were on "right now" and 2) "ok" when told by Edwards that they were off earlier, tends to confirm Edwards's statement, or so the trial court could have interpreted the comments. Highlighting that the lights were on "now" suggests they were not before, as does appellant's acknowledgement of "ok" when told they were off earlier.

Given the foregoing testimony and evidence, we cannot say that the trial court's ruling fell outside the zone of reasonable disagreement. The record contains evidence permitting the trial court to conclude that a traffic violation occurred which created reasonable suspicion, if not probable cause, to detain appellant. *See* TEX. TRANSP. CODE § 547.302(a)(1) (stating that a "vehicle shall display each lighted lamp and illuminating device required by this chapter to be on the vehicle . . . at nighttime"). Thus, the ruling was not an instance of abused discretion or error.

**Issue Two—Disproportionality of Sentence to Gravity of Offense**

By his second issue, appellant contends his sentence of 50 years of imprisonment is grossly disproportionate to the gravity of the offense for which he was convicted, thereby constituting cruel and unusual punishment. We overrule the issue.

Texas courts have "traditionally held that, as long as punishment is assessed within the range set by the Legislature in a valid statute, the punishment is not excessive." *Romero v. State*, No. 07-15-00036-CR, 2015 Tex. App. LEXIS 12176, at *4-5 (Tex. App.—Amarillo Nov. 30, 2015, pet. ref'd) (mem. op., not designated for publication). Nonetheless, they do "recognize that a prohibition against grossly disproportionate sentences survives under the federal constitution apart from any consideration whether the punishment assessed is within the statute's range." *Id.*

In "determining the proportionality of a sentence, [we are] guided by the following *objective* criteria: (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for the commission of the same crime in other jurisdictions." *Id.* at *4-5. Furthermore, legislative decisions regarding the extent of punishment for an offense should be accorded substantial deference. *Id.* That said, we turn to the record before us.

The 50-year sentence levied at bar fell within the statutory range set by the legislature for a third-degree felony enhanced by two prior felony convictions. TEX. PENAL CODE ANN. § 12.42(d) (specifying the range as life or from 25 to 99 years). So too was it much less than the maximum to which he could have been sentenced. And, though appellant may minimize the gravity of his current third-degree felony offense by

4

characterizing as small the amount of methamphetamine possessed, it was not the only criminal conviction before the trial court. The latter heard of his prior convictions for 1) burglary, 2) forgery, 3) theft, 4) unauthorized use of a vehicle 5) twice assaulting a public servant, 6) possessing marijuana, 7) evading arrest, 8) twice driving while intoxicated, 9) criminal trespass, and 10) assault involving family violence. As we said in *Hutto v. State*, No. 07-17-00088-CR, 2018 Tex. App. LEXIS 8353 (Tex. App.—Amarillo Oct. 11, 2018, pet. ref'd) (mem. op., not designated for publication), a repeat offender's sentence is based not only on his most recent offense but also on his general propensity to commit criminal acts as demonstrated through his prior convictions and sentences. *Id.* at *8. The multiple convictions we mention certainly provided the trial court fodder to conclude that appellant had a high propensity to criminally offend. Nor was the trial court obligated to ignore the increasing gravity of the drug problem in our society.

Admittedly, appellant cited us to two cases wherein the defendant was assessed a lesser sentence for committing the same crime. Neither involved a disproportionality challenge, though. On the other hand, a 99-year sentence assessed against a habitual offender (like appellant) for possessing between one to four grams of a controlled substance (like appellant) withstood a disproportionality attack in *Winkfield v. State*, No. 11-10-00305-CR, 2012 Tex. App. LEXIS 7844, at *2-3 (Tex. App.—Eastland Sept. 13, 2012, pet. ref'd) (mem. op., not designated for publication). Again, appellant's sentence was half that of Winkfield's. *Id.* at *3.

As for appellant's citation of statutes in New Mexico, Oklahoma, Arkansas, and Louisiana, those States may afford a lesser punishment for a like crime. Yet, appellant did not commit his offense in them, but rather in Texas. And, to reiterate, we afford the

5

legislature substantial deference in selecting the range of punishment.  We opt not to impugn our legislature for taking a stronger stance against criminal activity than the legislatures of neighboring States.

Our consideration of the foregoing indicia leads us to the following conclusion. This is not one of those "exceedingly rare or extreme case[s]" in which the punishment will be found grossly disproportionate.  *State v. Simpson*, 488 S.W.3d 318, 322-23 (Tex. Crim. App. 2016) (noting the rarity in finding sentences unconstitutionally disproportionate to the crime).

Having overruled each issue, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.